IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| V. | * | CRIMINAL NO. W-20-CR-097 |
| | * | |
| CECILY ANN AGUILAR | * | |

AGREED MOTION FOR DESIGNATION AS
COMPLEX CASE AND TOLLING OF SPEEDY TRIAL PROVISIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and respectfully submits this Motion for Designation As Complex Case and Tolling Of Speedy Trial Provisions in the above referenced case. The Government would respectfully show this Honorable Court the following:

**I.   FACTS**

On July 14, 2020, a Grand Jury sitting in the Western District of Texas returned an Indictment in the above entitled and numbered cause, charging the Defendant with one count of *Conspiracy to Tamper with Documents or Proceedings*, in violation of Title 18, United States Code, Sections 1512(c)(1) and (k), and two counts of *Tampering with Documents or Proceedings*, in violation of Title 18, United States Code, Section 1512(c)(1). Trial is currently set for March 8, 2021.

A general description of the facts of this case are set out in the affidavit attached to the criminal complaint filed against the Defendant. *See* ECF 1. The amount of physical and electronic evidence collected by investigators in this case is voluminous and will require additional time to

review.  Most of it has been disclosed to the defense, although this process is on-going. Material which could be potentially discoverable is still being collected that has yet to be redacted and disclosed by the United States.  Given the voluminous discovery and the complexity of the litigation involved in this matter, the United States and the Defendant request designation of this matter as a complex case and a tolling of speedy trial provisions.

## II.     ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last.   18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989).   If the defendant is not brought to trial within this period, then the indictment must be dismissed.    18 U.S.C. § 3162(a)(2).   The Speedy Trial Act however excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay ... shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In granting such an "ends of justice" continuance, the court must consider at least one of the factors specified by the Speedy Trial Act.  *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991).   The factors applicable to this case include:

> Whether the failure to grant such a continuance in the proceeding would … result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and
>
> Whether the failure to grant such a continuance which, taken as a whole, is so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii) & (iv).

The United States and the Defendant submit that the volume of discovery in this case will require extensive additional time for potential negotiations and trial preparation. There exists hundreds of pages of reports and photographs, terabytes of electronic data from telephone and computer dumps, social media data, over 100 recorded interviews, telephone location and tracking information in addition to many pieces of physical evidence. It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case as a whole in preparation for trial will take more than the seventy days allotted under the Speedy Trial Act. As such, it would be within the Court's discretion to designate this case as a complex case under which the ends of justice would require a tolling of the Speedy Trial Act.

As has been recognized by the Fifth Circuit, a complex case designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7). *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v. Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of

an interstate cocaine conspiracy); and *United States v. Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

### III.   PRAYER

The Government respectfully submits that a tolling of the Speedy Trial Act is appropriate in this case and requests the Court to designate this as a complex case based upon the foregoing factors. The Government has conferred with Counsel for Defendant and he agrees with this motion and the complex designation.

WHEREFORE, premises considered, the Government prays that its Motion be granted.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

/s/ *Mark L. Frazier*

By:    MARK L. FRAZIER
Assistant United States Attorney
800 Franklin, Suite 280
Waco, TX   76701
(254) 750-1580

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorneys for the defendants.

Lewis Gainor
Federal Public Defender

By: /s/ *Mark L. Frazier*
MARK L. FRAZIER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W-20-CR-097 |
| | * | |
| CECILY ANN AGUILAR | * | |

ORDER

Came on this date to be considered the Agreed Motion For Designation As Complex Case and Tolling Of Speedy Trial Provisions in the above entitled and numbered cause, and after considering the same, the Court is of the opinion that the Motion should be GRANTED.

THE COURT HEREBY FINDS that the ends of justice will be served by granting the continuance and such ends of justice outweigh the best interests of the public and the defendant in a speedy trial, based on the following factors:

> The issues and facts in this case are unusual and complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act; and

> In the alternative, the volume of discovery in this case, including but not limited to written documents, records, reports, photographs, social media and other electronic data, recorded interviews, telephone location and tracking information and other physical evidence, adherence to the time limits prescribed in the Speedy Trial Act would deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence by all parties.

IT IS HEREBY ORDERED that the time period between the filing of the instant motion and the date this matter is set for trial is excludable and is excluded in computing the time within

5

which the trial of any such offenses must commence under the provisions of Title 18, United States Code, section 3161(h)(7)(A).

    SIGNED this the _____ day of _____, 2021.

                                            _____
                                            ALAN D ALBRIGHT
                                            United States District Judge