IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W-20-CR-097 |
| | * | |
| CECILY ANN AGUILAR | * | |

GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER ENTERED ON
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the United States of America, by and through the United States Attorney for the Western District of Texas, and files this motion for reconsideration of its order entered on Defendant's motion filed herein, and would show the Court that good cause does not exist for the granting of a bill of particulars under the particular facts of this case and the law and, therefore, said motion should be, in all things, denied.

I.

On December 22, 2020, Defendant filed the instant motion. On January 19, 2021, the Court granted this motion without benefit of a response from the United States.

The purpose of a bill of particulars is to inform the accused of the charge against him with sufficient precision so as to enable such defendant to prepare his defense, to avoid or minimize the danger of surprise at trial, or enable such defendant to plead acquittal or conviction in bar of further prosecution of the same offense. Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Hawkins, 661 F.2d 436, 451 (5th Cir. 1981, cert. denied, 456 U.S. 991 (1982); United States v. Davis, 854 F.3d 1276, 1293 (11th Cir. 2017); United States v. Burgin, 621 F.2d 1352 (5th Cir. 1980); United States v. Haas, 583 F.2d 216 (5th

Cir. 1978), cert. denied, 440 U.S. 981 (1979); United States v. Davis, 582 F.2d 947 (5th Cir. 1978), cert. denied, 441 U.S. 962 (1972); United States v. Beardon, 423 F.2d 805 (5th Cir.), cert. denied, 400 U.S. 836 (1970). Importantly, a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery. Davis, 854 F.3d at 1293; United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990).

II.

The Defendant is not entitled to a bill of particulars with respect to information which is already available to him. Demetree v. United States, 207 F.2d 892 (5th Cir. 1953).   A bill of particulars is not an investigative tool for the defense and is not available as a tool "to obtain detailed disclosure of the Government's evidence prior to trial."   United States v. Burgin, supra; United States v. Kilrain 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Anderson, 481 F.2d 685 (5th Cir.), aff'd, 417 U.S. 211 (1974); United States v. Perez, 498 F.2d 51 (5th Cir. 1973); Downing v. United States, 348 F.2d 594 (5th Cir. 1965).

III.

An inquiry into the Government's legal or evidentiary theory as to the means by which the Defendant committed specific criminal acts is not a proper subject or purpose for a bill of particulars. United States v. Hejecate, 684 F.2d 894, 898 (5th Cir. 1983), cert. denied, 102 S.Ct. 2086 (1983); United States v. Hawkins, 661 F.2d 436, 451 (5th Cir. 1981), cert. denied, 456 U.S. 991 (1982); United States v. Burgin, 621 F.2d 1352 (5th Cir. 1980); United States v.  Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Anderson, supra; United States v. Leonelli, 428 F.Supp. 880 (S.D. N.Y. 1977); United States v. Bozza, 234 F.Supp. 15 (E.D. N.Y. 1964); United States v. Kahaner, 203 F.Supp. 78 (S.D. N.Y. 1962), aff'd, 217 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836 (1963).

IV.

If required to furnish particulars, the Government would be unduly confined in its theory of proof. United States v. Flom, 558 F.2d ll79, ll85-ll86 (5th Cir. l977).

V.

The Defendant has stated that the particulars requested are essential so that the defendant is apprised of the charges against him with sufficient clarity in order to allow him the opportunity to prepare his defense. It has been held that absent a showing that the Defendant would be genuinely surprised at trial and, therefore, incur prejudice to his substantial rights, there is no abuse of discretion in denying such a motion. It is the Government's contention that no such demonstration can be made under the facts of this case, and as such, the Defendant's motion should be denied. United States v. Martino, 648 F.2d 367 (5th Cir. l98l).

VI.

The Government would respectfully oppose the granting of a bill of particulars. The Defendant has been charged clearly by the indictment in this case. The dates and locations of the charged offense are set out clearly in the indictment. The charge is stated precisely in the language of the statute, and the offense involved is unmistakably identified. Further, once convicted or acquitted, the Defendant could surely plead double jeopardy successfully were he again to be so charged.

WHEREFORE, PREMISES CONSIDERED, the Government urges the Court to deny the Defendant's motion for a Bill of Particulars in this cause.

          Respectfully submitted,

          ASHLEY C. HOFF
          United States Attorney

          /s/ *Mark L. Frazier*

By:    MARK L. FRAZIER
        Assistant United States Attorney
        800 Franklin, Suite 280
        Waco, TX   76701
        (254) 750-1580

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Lewis Gainor
Supervisory Assistant Federal Public Defender

          /s/ *Mark L. Frazier*
          Mark L. Frazier
          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W-20-CR-097 |
| | * | |
| CECILY ANN AGUILAR | * | |

## ORDER

CAME ON to be considered the Government's Motion for Reconsideration of Order Entered on Defendant's Motion for Bill of Particulars, and the Court having considered said motions and the Government's response thereto, hereby

ORDERS that said motion for reconsideration be GRANTED. Defendant's Motion for Bill of Particulars is hereby DENIED.

SIGNED this _____ day of _____, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE