IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ' | |
| | ' | |
| v. | ' | CRIMINAL NO. W-20-CR-097-ADA |
| | ' | |
| **CECILY ANN AGUILAR** | ' | |

### O R D E R

Came on for consideration the government's Motion for Reconsideration. ECF No. 45. On December 22, 2020, the defendant moved for a bill of particulars. The government did not timely respond and on January 19, 2021, the Court granted the motion. In the Motion now before the Court, the government requests that the Court reconsider its ruling and deny the defendant a bill of particulars. The referral of the Motion for Reconsideration is withdrawn. *See* ECF No. 52. The government's Motion for Reconsideration (ECF No. 45) is meritorious and is hereby **GRANTED.** Having granted the Motion for Reconsideration, the Court turns to the propriety of a bill of particulars in this case.

A bill of particulars is "A formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor, usually filed in response to the defendant's request for a more specific complaint." Black's Law Dictionary (11th ed. 2019). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). A bill of particulars,

however, "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). The granting of a bill of particulars is within a trial court's sound discretion and decision is almost invariably final. *Mackey*, 551 F.2d at 970; *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (determination of whether bill of particulars is needed is "seldom subject to precise line drawing").

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Once the government provides a defendant with a bill of particulars, it is bound by the information in the bill and may not present materially different information at trial. *See Helms v. United States*, 340 F.2d 15, 18 (5th Cir. 1964). Thus, a bill of particulars may have some strategic appeal to a defendant.

The defendant was arraigned on July 14, 2020 but did not request a bill of particulars until December 22, 2020, long after the expiration of the 14-day period provided by Rule 7(f). More than five months after her arraignment, Defendant now argues that the indictment is so vague that it fails to advise her of the specific acts of which she is accused. Defendant's Motion for Bill of Particulars at 3. Defendant's motion offers no explanation for this delay or why defense counsel failed to express these concerns in any of the other motions counsel has filed since July.

A review of the indictment in this case shows no obvious improprieties, or as defendant suggests without specific explanation, risk of double jeopardy. The defendant has never

complained at any time during the pendency of this case that the government has failed to provide all required discovery. Instead, the defendant's motion essentially requests that the government identify exactly what evidence it intends to introduce to prove the various elements of the charged offenses. This is not a valid basis to request a bill of particulars. Accordingly, the Court's order (ECF No. 43) granting Defendant's Motion for Bill of Particulars (ECF No. 37) is hereby withdrawn, and Defendant's motion is **DENIED**.

**SIGNED** this 29th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE