UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO: W-20-CR-097 |
| | * | |
| CECILY ANN AGUILAR | * | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas, and in response to Defendant's Motion to Dismiss Indictment, would show the Court as follows:

Pursuant to Federal Rule of Criminal Procedure 12 (b)(3)(B)(iii) and (v), the Defendant moves for all three counts of the indictment to be dismissed. She argues that each count lacks specificity and fails to state an offense. In the alternative, she also moves to dismiss either Count Two or Count Three, arguing that both counts charge the same offense in violation of Federal Rule of Criminal Procedure 12 (b)(3)(B)(ii).

The evidence at trial will demonstrate that A.R., a soldier in the Army, killed V.G., another soldier in the Army, at a location on the Fort Hood Military Reservation, a place within the special maritime and territorial jurisdiction of the United States. The Defendant assisted A.R. in disposing of the body of V.G. so that A.R. might avoid being charged with or prosecuted for any crime in connection with the killing.

1

# I. SPECIFICITY

First, the Defendant complains that Count One, the conspiracy count, does not allege any details regarding the agreement that was entered into or her conduct in furtherance of that agreement. Next, she alleges that Counts Two and Three, the substantive counts, do not set out in detail the conduct with which she is being charged; do not allege the specific location within the district where the conduct occurred and do not identify the foreseeable "official proceeding" that motivated her actions. Therefore, each count does not contain sufficient detail to apprise her of the charges against her.

In short, the Defendant complains that the indictment does not contain enough facts. The purpose of the indictment is to provide the Defendant notice of her crime, not the evidence against her. This indictment is sufficient on its face. An indictment must merely contain enough information so that the defendant can understand the charges, prepare a defense, and claim double jeopardy where appropriate. *United States v. Resendiz-Ponce*, 127 S.Ct. 782, 788 (2007); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007). An indictment does not have to describe the government's evidence, plead evidentiary detail, or identify all the facts supporting the allegations. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *Resendiz-Ponce*, 127 S.Ct. at 789 (2007); *United States v. Urban*, 404 F.3d 754, 771 (3rd Cir. 2005); *United States v. Brandon*, 298 F.3d 307, 311 (4th Cir. 2002). It is sufficient if it tracks the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. *Hamling*, 418 U.S. at 117-119 (1974); *United States v. Hill*, 386 F.3d 855, 859 (8th Cir. 2004).

The indictment should be read as a whole, accepting factual allegations as true and construing the allegations in a practical, commonsense manner. *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Hand*, 497 F.2d 929, 934-35 (5th Cir. 1974).

Count One alleges that there was an agreement to tamper with "any record, document or other object, including the body of V.G." in order to prevent its use in an "official proceeding." More specifically, Count One alleges a manner, means and object of the conspiracy: that the Defendant and A.R. would dismember the body of V.G. to keep A.R. from being charged with or prosecuted for a crime. Allegation of an overt act is not required. 18 U.S.C. 1512(k). The term "official proceeding" is defined by federal statute. 18 U.S.C. 1515(a)(1) and includes Federal grand jury proceedings and proceedings before a judge or court of the United States. Thus, the elements of the offense are: (1) the existence of an agreement between two or more persons, (2) to corruptly alter, destroy, mutilate or conceal, or attempt to so do (3) a record, document or object (4) with intent to impair its integrity or availability (5) for use in an official proceeding, (6) the Defendant joined in the agreement with intent to further its unlawful purpose. The indictment sets forth the essential elements of the offense and sufficiently apprises the Defendant of the crime with which she is charged.

Counts Two and Three allege substantive violations of § 1512. The Defendant is charged with corruptly altering, destroying, mutilating or concealing any record, document or other object, to include "the body of V.G." or attempting to so do, with intent to impair its integrity or availability for use in an official proceeding. The elements of these crimes are: (1) the Defendant (2) did corruptly (3) alter, destroy, mutilate, conceal, or attempt to so do (4) any record,

document or other object (5) the body of V.G. (6) with intent to impair its integrity or availability (7) for use in an official proceeding. The language of each count tracks the statute which, in this case, is sufficient to put her on notice of her alleged crime, prepare a defense and to subsequently plead Double Jeopardy if necessary. *United States v. Franco*, 632 F.3d 880, 884-85 (5th Cir. 2011). Each count provides a clear statement of the offenses the Defendant allegedly committed. The Defendant argues that her actual conduct is not incorporated within the body of each count. Her argument, however, "conflates pleading with proof." *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009) (quoting *United States v. Triumph Capital Group, Inc.*, 260 F.Supp.2d 470, 475 (D.Conn.2003)). The United States is not required to lay out its evidence in the charging document but bears the burden of proving the allegations made in that indictment beyond a reasonable doubt to the satisfaction of a jury. Moreover, the evidence of that underlying conduct has been made available to her through the discovery process.

The Defendant points out that the indictment says nothing about the specific location of the offenses within the Western District of Texas. But again, this is a matter of proof at trial. As long as the United States proves that the offense occurred within the jurisdiction of the Court, the actual location of the offense is immaterial. *Cagnina v. United States*, 223 F.2d 149 (5th Cir. 1955); *United States v. Trigueros*, 259 F. App'x 678, 680-81 (5th Cir. 2007).

As a final point, the Defendant complains that the indictment does not identify the specific "official proceeding" the objects would have been used. She argues that this should result in dismissal of each count as, without identifying a specific proceeding which was the object of the obstructive conduct, the indictment does not "adequately apprise … [her] of the

charges." *Motion*, p. 8. In support of her position, she cites two cases from other circuits dismissing indictments for failing to specify the "official proceeding."

> An "official proceeding" is:
>
> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
> (B) a proceeding before the Congress;
> (C) a proceeding before a Federal Government agency which is authorized by law; or
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce;

18 U.S.C. 1515(a)(1).

Moreover, the "official proceeding" need not be pending or about to be instituted at the time of the offense. The record, document or other object need not be admissible in evidence at trial or free of a claim of privilege. 18 U.S.C. 1512(f). The United States does not have to prove that the Defendant knew or believed the "official proceeding" was one that could be before a Federal judge, grand jury or agency. 18 U.S.C. 1512 (g).

Count One alleges that the Defendant and A.R. agreed to dismember and hide the remains of V.G. in order to prevent A.R. from being charged with or prosecuted for crimes. One of the "other objects" the Defendant attempted to "alter, destroy, mutilate and conceal" was "the body of V.G." It is clear from this factual recitation that among the "proceedings" the Defendant attempted to obstruct was a potential Federal grand jury investigation, a potential proceeding before a United States District Court or a potential Army Court-Martial. Counts Two and Three

contain the same recitation of one of the "other objects" the Defendant attempted to "alter, destroy, mutilate and conceal"— "the body of V.G."

In similar vein to the Defendant's other assertions, this argument combines pleading with proof. The "official proceeding" need not be alleged but must be proven at trial. "It is sufficient at this stage of the proceeding that the Government has alleged under § 1512(c) that Defendant corruptly attempted to conceal a pair of shoes worn during the attack on L.R. in order to prevent their use in an official proceeding." *United States v. Moyer*, 726 F. Supp. 2d 498, 511 (M.D. Pa. 2010).

The facts of this case are distinguishable from those in the cases cited by the Defendant. In *United States v. Murphy*, 762 F.2d 1151 (1ˢᵗ Cir. 1985), the court directed that the indictment be dismissed because the indictment did not identify the specific official proceeding. However, in that case there were several different "official proceedings" involving different individuals that the defendant's conduct could have potentially affected:

> "It is wholly unclear from the indictment whether the grand jury was charging that defendants tried to influence Watson's testimony in the proceeding against Dawlett, or in the proceeding against them, or in some other proceeding altogether." *Murphy*, 762 F.2d at 1154.

Without a more specific indication as to which proceeding the indictment was referring, the defendant could not properly prepare a defense, and thus was not sufficiently apprised of the charges against him. *Id.*

This is not the case here. It is apparent from the indictment that the "official proceeding" at issue focuses on crimes and criminality which involve V.G. as the victim—narrowing the "official proceeding" to those venues involving criminal investigation or prosecution for crimes. "It is readily apparent from the [18 U.S.C. 1512(c)] indictment that the official proceeding at

issue, while not concretely spelled out, is a federal hate crime prosecution against the persons who assaulted L.R. The indictment sufficiently alleges that Defendant counseled some of these persons to dispose of shoes that they wore during the attack…" *Moyer*, 726 F. Supp. 2d at 511. Moreover, multiple "official proceedings" may have been foreseeable by the Defendant at the time of her crimes and implicated by her actions. Nothing in the statute requires the United States to guess or divine one particular proceeding the Defendant attempted to obstruct.

In *United States v. McGarity*, 669 F.3d 1218 (11th Cir. 2012), the court dismissed the obstruction count of the indictment for failure to sufficiently apprise the defendants of the charges, adopting the reasoning of the *Murphy* court for the same reasons. *Id.* P. 1240. In *McGarity*, the defendants were charged with a violation of 18 U.S.C. 1512(c)(2). The indictment parroted the language of the statute:

> That between on or about October 1, 2005, through the date of the return of this [S]uperseding [I]ndictment, in the Northern District of Florida and elsewhere, the defendants ... did corruptly obstruct, influence and impede and attempt to corruptly obstruct, influence and impede the due administration of justice in an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(2). *Id.* p. 1238.

The superseding indictment was returned in March of 2008. *Id.* p. 1232.

In *McGarity*, the United States conceded that it did not identify an "official proceeding" that was obstructed, arguing that "such vagueness is necessary, however, because of the nature of the defendants' obstruction, which sought to impede 'any possible proceeding that might exist.'" *Id.* at 1239. Given this concession and the fact that the indictment covered a two- and one-half-year period and contained no indication whatsoever as to the actions the defendants undertook, the court reasoned that notice was insufficient. *Id.* at 1240.

The indictment in the instant case does not suffer from the same infirmities. It is tailored narrowly: Count One covers a two-month time period. Counts Two and Three identify the specific single dates upon which the obstructive conduct allegedly occurred. Of the records, documents and other objects the Defendant attempted to impair, "the body of V.G." is specifically alleged in each count. From the factual recitation in the indictment, reading it as a whole, it is apparent that among the "proceedings" the Defendant attempted to obstruct was a potential Federal grand jury investigation, a potential proceeding before a United States District Court or a potential Army Court-Martial. All centered around V.G. as the victim of the crime.

This indictment is sufficient. "In determining whether an indictment is sufficient, we do not ask whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards. These minimum constitutional standards are met where the indictment alleges ''every element of the crime charged and in such a way 'as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.' " *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir.2006) (internal citations omitted); see also *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir.1999) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir.1986))." *United States v. Dentler*, 492 F.3d 306, 309 (5th Cir. 2007). This indictment satisfies this test.

## II. FAILURE TO STATE AN OFFENSE

A.  The body of V.G. is an "object."

18 U.S.C. 1512 makes it a crime to corruptly alter, destroy, mutilate, or conceal any record, document or other object with the intent to impair its integrity or availability for use in an official proceeding. The undersigned could find no case defining the term "object' for purposes of 1512.

Courts have consistently held that the term as used in 1512(c) applies to the alteration, destruction, mutilation or concealment of *any* object, including contraband. *United States v. Johnson*, 655 F.3d 594, 604 (7th Cir. 2011)(collecting cases)(emphasis added). The Merriam-Webster online dictionary defines "object" as something material that may be perceived by the senses. https://www.merriam-webster.com/dictionary/object#:~:text=1%20a%20%3A%20something%20material%20that%20may%20be,the%20object%20poisons%20sight%3B%20let%20it%20be%20hid. A human body certainly fits within that definition. Moreover, there can be no dispute that the body of a homicide victim (an object) is physical evidence in a criminal case involving the death. *United States v. McRae*, 702 F.3d 806, 838 (5th Cir. 2012) (in the context of an 18 U.S.C. 1519 prosecution). All types of physical evidence are within the definition of "object" under 1512. *United States v. Yates*, 135 S.Ct. 1074, 1086 n. 7 (2015); *United States v. Applewhaite*, 195 F.3d 679, 688 (3rd Cir. 1999).

The Defendant cites no authority for the proposition that a human body cannot be an "object." Instead she resorts to principles of construction and interpretation that are inapplicable here. In the absence of a statutory definition, the plain meaning of the word controls. *Mohamad v. Palestinian Auth*., 566 U.S. 449, 454-55 (2012).

B. <u>Identity of the foreseeable "official proceeding" and nexus.</u>

"Though a proceeding need not be actually pending at the time of the obstructive act, 18 U.S.C. § 1512(f), an obstruction of justice conviction requires some "nexus" between the obstructive act and some official government proceeding, see *Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005); *United States v.*

*Aguilar*, 515 U.S. 593, 599–600, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995). A proceeding must at least be 'foreseen,' such that the defendant has in contemplation some particular official proceeding in which the destroyed evidence might be material. *See Arthur Andersen*, 544 U.S. at 707–08, 125 S.Ct. 2129; *see also United States v. Gordon*, 710 F.3d 1124, 1151–52 (10th Cir.2013); *United States v. Johnson*, 655 F.3d 594, 606 (7th Cir.2011)." *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014).

Once again, these are all matters of proof at trial, not an allegation necessary for a sufficient indictment. In an 18 U.S.C. 1512 prosecution "[t]he Government need not allege that a defendant intended to affect or foresaw an official proceeding at the indictment stage; this is a matter for the jury to decide after evidence has been presented at trial… Whether or not Defendant foresaw a…prosecution in the matter is a question for the jury to decide." *Moyer*, 726 F. Supp. 2d at 511; *Ring*, 628 F.Supp.2d at 224 (citing *United States v. Schwarz*, 283 F.3d 76, 108 (2d Cir.2002); *United States v. Black*, 469 F.Supp.2d 513, 543 (N.D.Ill.2006)); *United States v. Meza*, No. 15CR3175 JM, 2017 WL 1371102 (S.D. Cal. Apr. 7, 2017), aff'd, 800 F. App'x 463 (9th Cir. 2020); *United States v. Brimager*, No. 13-CR-02381 JM, 2014 WL 1515867 (S.D. Cal. Apr. 17, 2014).

A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. This is what the Defendant is asking the Court to do in this instance. In other words, there is no summary judgment procedure in criminal cases. *United States v. Blanton*, 476 F.3d 767, 771 (9th Cir. 2007); *United States v. Salman*, 378 F.3d 1266, 1267 (11th Cir. 2004).

C. The rule of lenity does not apply.

The rule of lenity does not apply in this circumstance. The meaning of the word "object", in the absence of a statutory definition, is given its ordinary meaning. The term "official proceeding" is defined by statute. "The rule of lenity is based on the notion that it is "the legislature and not the courts that should define criminal activity, and ... that fair warning should be accorded as to what conduct is criminal." *United States v. Marek*, 238 F.3d 310, 322 (5th Cir.2001). The rule should be invoked only when, "after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." *Reno v. Koray*, 515 U.S. 50, 65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (internal citations and quotation marks omitted)." *United States v. Hampton*, 633 F.3d 334, 342 (5th Cir. 2011).

## III. MULTIPLICITY

Indictments charging a single offense in different counts are multiplicitous. F.R.Cr.P. 12 (b)(3)(B)(ii); *United States v. Ansaldi*, 372 F.3d 118, 125 (2d Cir. 2004). The Defendant maintains that Counts Two and Three allege the same offense, albeit on different dates. *Motion*, p. 24. Since being convicted of multiplicitous counts would constitute a double jeopardy violation, courts have analyzed multiplicity and double jeopardy issues in a nearly identical fashion. *Whalen v. United States*, 445 U.S. 684, 690-91 (1980). Where each offense requires proof of different facts, there is no multiplicity and separate punishment may be imposed in connection with each offense. *Blockburger v. United States*, 284 U.S. 299 (1932). Such is the case here. At trial, the United states will demonstrate that the defendant, on separate dates, in separate actions, did attempt to engage in obstructive conduct regarding evidence, "including the body of V.G." with intent to impair the integrity or availability of the evidence at an official proceeding.

The rule prohibiting multiplicity is a rule of pleading. The defect, should it be found, is not necessarily fatal to the indictment. Either the trial or appellate court can require the government to dismiss or consolidate multiplicitous counts when the violation becomes apparent. *Ansaldi,* 372 F.3d at 125.

Moreover, counts are not multiplicitous where it can be shown that Congress unambiguously intended to create separate offenses and allow for multiple or cumulative punishment to be imposed for the same act. *Missouri v. Hunter*, 459 U.S. 359 (1983); *United States v. Woodward*, 469 U.S. 105, 109 (1985) (per curiam) (no indication of congressional intention not to allow separate punishment for distinct offenses of making false statements to federal agency and intentionally failing to report the transportation over $5,000 into country); *Albernaz v. United States*, 450 U.S. 333, 336 (1981).

WHEREFORE, the United States prays that the Defendant's Motion to Dismiss be in all things DENIED.

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

/s/ *Mark L. Frazier*

By:     MARK L. FRAZIER
Assistant United States Attorney
800 Franklin, Suite 280
Waco, TX  76701
(254) 750-1580

I certify that on the 8th day of June, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Lewis Gainor
Attorney at Law

/s/ *Mark L. Frazier*
MARK L. FRAZIER
   Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA          *
                                  *
v.                                *          CRIMINAL NO: W-20-CR-097
                                  *
CECILY ANN AGUILAR                *

<u>ORDER</u>

On this day came on to be heard the Defendant's Motion to Dismiss Indictment, and the

Court having considered said motion and the Government's response thereto, hereby,

ORDERS that Defendant's Motion is GRANTED/ DENIED.

SIGNED AND ENTERED this _____ day of _____, 2021.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE